UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 04-1029-RCL |
| v. ) | |
| ) | 21 U.S.C. § 846 – Conspiracy To Distribute Oxycodone |
| (1)   MARK A. McARDLE    ) | |
| ) | 21 U.S.C. § 963 – Conspiracy To Import Oxycodone |
| (2)   DAMIEN P. SUCHMA   ) | |
| ) | 21 U.S.C. § 846 – Conspiracy To Distribute Marijuana |
| (3)   NICHOLAS ANASTASIADES, ) Defendants ) | |
| ) | 21 U.S.C. §§ 841(a)(1) & 846 – Attempted Possession Of Marijuana With Intent To Distribute |
| ) | |
| ) | 18 U.S.C. § 922(g)(1) – Felon In Possession Of A Firearm |
| ) | |
| ) | 18 U.S.C. § 922(k) – Possession Of A Firearm Bearing An Obliterated Serial Number |
| ) | |
| ) | 21 U.S.C. § 846 – Conspiracy To Distribute Cocaine |
| ) | |
| ) | 21 U.S.C. §§ 841(a)(1) & 846 – Attempted Distribution Of Cocaine |
| ) | |
| ) | 21 U.S.C. § 841(a)(1) – Distribution Of Cocaine |
| ) | |
| ) | 18 U.S.C. § 1956(a)(1)(B)(i) – Money Laundering |
| ) | |
| ) | 18 U.S.C. § 2 – Aiding And Abetting |
| ) | |
| ) | 18 U.S.C. § 853 – Criminal Forfeiture Allegation |
| ) | |

## INDICTMENT

**Count One:**     (21 U.S.C. § 846 - Conspiracy To Distribute Oxycodone).

The Grand Jury charges that:

Beginning at a time unknown to the Grand Jury, but at least by in or about November 2000 and continuing thereafter to in or about January 2001, in the District of Massachusetts, the Southern District of California, the Central District of Florida, and elsewhere,

**(1) Mark A. McArdle and
(2) Damien P. Suchma**

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with other persons, known and unknown to the Grand Jury, to distribute, and to possess with intent to distribute, oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

**Count Two:**     (21 U.S.C. § 963 - Conspiracy To Import Oxycodone)

The Grand Jury further charges that:

Beginning at a time unknown to the Grand Jury, but at least by in or about November 2000 and continuing thereafter to in or about January 2001, in the District of Massachusetts, the Southern District of California, the Central District of Florida, and elsewhere,

**(1) Mark A. McArdle and**
**(2) Damien P. Suchma**

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with other persons, known and unknown to the Grand Jury, to import into the United States oxycodone, a Schedule II controlled substance, from a place outside thereof, to wit: Mexico, in violation of Title 21, United States Code, Sections 952(a) and 960(a).

All in violation of Title 21, United States Code, Section 963.

**Count Three:   (21 U.S.C. § 846 - Conspiracy To Distribute Marijuana).**

The Grand Jury further charges that:

Beginning at a time unknown to the Grand Jury, but at least by in or about January 2000 and continuing thereafter to in or about April 2001, at Boston, Saugus, Somerville, and elsewhere in the District of Massachusetts, and elsewhere,

> (1) **Mark A. McArdle**,
> (2) **Damien P. Suchma, and**
> (3) **Nicholas Anastasiades**

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with other persons, known and unknown to the Grand Jury, to distribute, and to possess with intent to distribute, marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

The Grand Jury further charges that the conspiracy involved 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana. Accordingly, 21 U.S.C. § 841(b)(1)(B)(vii) is applicable to this count.

All in violation of Title 21, United States Code, Section 846.

**Count Four:**     (21 U.S.C. §§ 841(a)(1) and 846 - Attempted
              Possession Of Marijuana With Intent To
              Distribute; 18 U.S.C. § 2 - Aiding And Abetting).

The Grand Jury further charges that:

In or about February 2001, at Somerville, in the District of Massachusetts,

**(1) Mark A. McArdle**

defendant herein, did knowingly and intentionally attempt to possess marijuana, a Schedule I controlled substance, with intent to distribute.

The Grand Jury further charges that this offense involved 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana. Accordingly, 21 U.S.C. § 841(b)(1)(B)(vii) is applicable to this count.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

**Count Five:**    (18 U.S.C. § 922(g)(1) - Felon In Possession Of A Firearm).

The Grand Jury further charges that:

On or about February 27, 2001, at Saugus, in the District of Massachusetts

**(1) Mark A. McArdle**

defendant herein, did knowingly and intentionally possess a firearm, to wit: a Glock, Model 26, nine millimeter semi-automatic pistol, in and affecting commerce, after having been convicted in a court of a crime punishable by imprisonment for a term in excess of one year.

All in violation of Title 18, United States Code, Section 922(g)(1).

**Count Six:**     (18 U.S.C. § 922(k) - **Possession Of A Firearm Bearing An Obliterated Serial Number).**

The Grand Jury further charges that:

On or about February 27, 2001, at Saugus, in the District of Massachusetts

**(1) Mark A. McArdle**

defendant herein, did knowingly and intentionally possess a firearm, to wit: a Glock, Model 26, nine millimeter semi-automatic pistol, bearing an obliterated serial number.

All in violation of Title 18, United States Code, Section 922(g)(1).

**Count Seven:** **(21 U.S.C. § 846 - Conspiracy To Distribute Controlled Substance).**

The Grand Jury further charges that:

Beginning at a time unknown to the Grand Jury, but at least by in or about February 2002 and continuing thereafter to in or about March 2002, at Boston, Somerville, and elsewhere in the District of Massachusetts, and elsewhere,

**(1) Mark A. McArdle and
(3) Nicholas Anastasiades**

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other to distribute, and to possess with intent to distribute, controlled substances, including cocaine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

The Grand Jury further charges that the conspiracy involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine. Accordingly, 21 U.S.C. § 841(b)(1)(B)(ii) is applicable to this count.

All in violation of Title 21, United States Code, Section 846.

**Count Eight:**   (21 U.S.C. §§ 841(a)(1) and 846 - Attempted Possession With Intent To Distribute, and Distribution Of, Cocaine; 18 U.S.C. §2 - Aiding And Abetting).

The Grand Jury further charges that:

On or about March 1, 2002, at Boston, in the District of Massachusetts,

      **(1) Mark A. McArdle and**
      **(3) Nicholas Anastasiades**

defendants herein, did knowingly and intentionally attempt to possess with intent to distribute, and to distribute, cocaine, a Schedule II controlled substance.

The Grand Jury further charges that this offense involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine. Accordingly, 21 U.S.C. § 841(b)(1)(B)(ii) is applicable to this count.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 846 and Title 18, United States Code, Section 2.

**Count Nine:**   (21 U.S.C. §§ 841(a)(1) and 846 - Attempted
                   Possession With Intent To Distribute, and
                   Distribution Of, Cocaine; 18 U.S.C. § 2 - Aiding
                   And Abetting).

The Grand Jury further charges that:

On or about March 15, 2002, at Boston, in the District of Massachusetts,

        (1) **Mark A. McArdle** and
        (3) **Nicholas Anastasiades**

defendants herein, did knowingly and intentionally attempt to possess with intent to distribute, and to distribute, cocaine, a Schedule II controlled substance.

The Grand Jury further charges that this offense involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine. Accordingly, 21 U.S.C. § 841(b)(1)(B)(ii) is applicable to this count.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 846 and Title 18, United States Code, Section 2.

**Count Ten:**     (21 U.S.C. § 841(a)(1) - Distribution Of Cocaine).

The Grand Jury further charges that:

On or about January 31, 2003, at Watertown, in the District of Massachusetts,

**(1) Mark A. McArdle**

defendant herein, did knowingly and intentionally distribute cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**Count Eleven:**   (21 U.S.C. §§ 841(a)(1) and 846 - Attempted
Possession With Intent To Distribute, and
Distribution Of, Cocaine; 18 U.S.C. § 2 - Aiding
And Abetting).

The Grand Jury further charges that:

On or about March 10, 2004, at Boston, in the District of Massachusetts,

**(1) Mark A. McArdle**

defendant herein, did knowingly and intentionally attempt to possess with intent to distribute, and to distribute, cocaine, a Schedule II controlled substance.

The Grand Jury further charges that this offense involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine. Accordingly, 21 U.S.C. § 841(b)(1)(B)(ii) is applicable to this count.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

**Count Twelve:**   (18 U.S.C. § 1956(a)(1)(B)(i) - **Money Laundering**).

The Grand Jury further charges that:

From on or about January 24, 2000 and continuing to on or about May 5, 2000, at Revere and Winthrop, in the District of Massachusetts,

### (1) Mark A. McArdle

defendant herein, did knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, to wit: making cash deposits into a Citizens Bank business checking account opened in the name of McArdle's Cafe, which deposits involved the proceeds of a specified unlawful activity - conspiracy to distribute marijuana, as set forth in Count Three - knowing that the transactions were designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity and knowing that the property involved in the transactions, the cash, represented the proceeds of the unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the offenses alleged in Counts One through Four and Seven through Ten of this Indictment,

### (1) Mark A. McArdle

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offenses, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. Such property includes, but is not limited to:

   (a) $200,000 in United States currency, in that such sum in aggregate represents the amount the defendant received as a result of the violations; and

   (b) real estate owned by the defendant and located at 10 Jena Lane, Stratham, New Hampshire.

2. If any of the properties described in paragraph 1, above, as a result of any act or omission of the defendant --

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the Court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

  All in violation of Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY


_____
MICHAEL J. PELGRO
ASSISTANT U.S. ATTORNEY


DISTRICT OF MASSACHUSETTS: APRIL 22, 2004.

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK  12:01pm