

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*　　　　*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

July 9, 2004

Janice Bassil, Esquire
Carney & Bassil
20 Park Plaza
Boston, MA 02116

　　Re:　United States v. Mark A. McArdle
　　　　　Criminal No. 04-10129-RCL

Dear Ms. Bassil:

　　Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.　Rule 16 Materials

1.　Statements of Defendant under Rule 16 (a)(1)(A)

　　a.　Written Statements

　　There are no relevant written statements of the defendant in the possession, custody, or control of the government, which are known to the attorney for the government.

　　b.　Recorded Statements

　　Consensual tape and video recordings were made of telephone conversations and personal meetings involving the defendant. These recordings are available for your review and copies will be made available for defense counsel at the United States Attorney's Office.

c.  Grand Jury Testimony of the Defendant

The defendant did not testify before a grand jury in relation to this case.

d.  Oral Statements to Then Known Government Agents

The following document is enclosed:

A copy of a DEA-6 report concerning the defendant's arrest in Orlando, Florida on March 30, 2001 and summarizing oral statements made by the defendant on that date.

2.  Defendant's Prior Record under Rule 16 (a)(1)(B)

I believe that you received a copy of the defendant's prior criminal record from the Pretrial Services Department. Please let me know if you need a duplicate copy.

3.  Documents and Tangible Objects under Rule 16(a)(1)(C)

All books, papers, documents, photographs, and tangible items which are within the possession, custody, or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

Such items include the drugs recovered or purchased from the defendants, surveillance photographs taken on various occasions, items recovered during the execution of a federal search warrant at the defendant's residence in Revere, items recovered during the execution of a federal search warrant at the defendant's residence in New Hampshire, and all items described in the DEA-7A reports, copies of which are enclosed with this letter.

4.  Reports of Examinations and Tests under Rule 16 (a)(1)(D)

Enclosed are the following documents:

DEA-7 reports concerning chemical analyses of controlled substances recovered or purchased from defendants in this case and an ATF laboratory report concerning the handgun purchased on February 27, 2001. There presently are no other reports of physical or mental examinations or scientific tests or

experiments made in connection with this case.

B.   Search Materials under Local Rule 116.1(C)(1)(b)

Search warrants were executed at 255 Proctor Avenue in Revere and at 10 Jana Lane in Stratham, New Hampshire in March 2004. Copies of the search warrants, applications, affidavits, and returns are enclosed with this letter.

C.   Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.   Consensual Interceptions under Local Rule 116.1(C)(1)(d)

A written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire and oral communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief is set forth in the copies of the DEA reports enclosed with this letter. The conversations on these tape recordings are primarily in English.

E.   Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

The names of known unindicted coconspirators as to the conspiracies charged in Count One, Two, Three, and Seven of the indictment will be set forth in a separate letter to defense counsel filed under seal with the Court.

F.   Identifications under Local Rule 116.1(C)(1)(f)

I have no information indicating that the defendant was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread, or other display of an image of the defendant. In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in, or memorializing the identification procedure.

3

G.  Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.  The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2.  The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3.  The following promises, rewards, or inducements have been given to the cooperating witness whom the government anticipates calling in its case-in-chief: the cooperating witness has been told that his cooperation will be made known to the United States Attorney's Office and to the Court in connection with a federal narcotics case against the cooperating witness.

4.  The government is aware that the cooperating witness has a criminal record.  On February 19, 1993, the cooperating witness was found guilty of operating under the influence and was placed on probation until March 7, 1994.  On August 16, 2000, the cooperating witness was arrested and charged in the United States District Court in Boston with possession of heroin with intent to distribute.  The cooperating witness was subsequently released in order to cooperate proactively with DEA.  The government intends to file an Information charging the cooperating witness with this offense.  Pursuant to Local Rule 116.6(A), the government declines at this time to disclose the identity of the cooperating witness on the ground that such disclosure at this time would be detrimental to the interests of justice.

5.  The government is aware that the cooperating witness has the aforementioned federal criminal case pending.

6.  No percipient witnesses failed to make a positive identification of the defendant with respect to the crimes at issue.

H.   <u>Other Matters</u>

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offenses were committed are set forth in the affidavit filed in support of the criminal complaint in this case and in the indictment in this case, copies of which you previously have received. This information is also set forth in the DEA reports, copies of which are enclosed with this letter.

In order to assist you in preparing this case, the government is agreeing to the early release of the enclosed Jencks Act materials, consisting of the DEA-6 reports, handwritten statements of the cooperating witness, DEA-7 reports, and DEA-7A reports listed on the enclosed index.

Please feel free to call me if you have any questions or if you need any further discovery materials from me.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
Michael J. Pelgro
Assistant U.S. Attorney


Enclosures

cc:   Thomas Quinn
      Clerk to the Honorable Judith G. Dein
      (w/o enclosures)