```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )   CRIMINAL NO.
     V.                         )   04-10129-RCL
                                )
MARK MCARDLE,                   )
     Defendant                  )
```

**GOVERNMENT'S MOTION FOR**
**A PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to Title 21, United States Code, Section 853, and Rule 32.2 of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1.  On April 22, 2004, a federal grand jury sitting in the District of Massachusetts returned an twelve count Indictment charging defendant Mark McArdle (the "Defendant"), and others, with crimes including the following drug trafficking crimes: Conspiracy to Distribute Oxycodone, in violation of 21 U.S.C. § 846 (Count One); Conspiracy to Import Oxycodone, in violation of 21 U.S.C. § 963 (Count Two); Conspiracy to Distribute Marijuana, in violation of 21 U.S.C. § 846 (Count Three); Attempted Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 846 (Count Four); Conspiracy to Distribute Controlled Substances including Cocaine and Marijuana,

in violation of 21 U.S.C. § 846 (Count Seven); Attempted Possession with Intent to Distribute, and Distribution of, Cocaine, in violation of 21 U.S.C. § 846 (Counts Eight, Nine and Eleven); and Distribution of Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Ten).

    2.   The Indictment contained a drug trafficking forfeiture allegation, which sought the forfeiture, upon conviction of the offenses alleged in Counts One through Four and Seven through Ten of the Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such violations; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, pursuant to 21 U.S.C. § 853.  The property to be forfeited includes, but is not limited to, the following:

        a)   the real property located at 10 Jena Lane, Stratham, New Hampshire.

    3.   The Indictment further provided that, if any forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek

forfeiture of any other property of the Defendant, up to the value of such property, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

4.  On October 17, 2006, the Defendant pled guilty to each of the Counts of the Indictment in which he was named, including Counts One through Four and Seven through Ten of the Indictment, pursuant to a written plea agreement (the "Agreement").  In the Agreement, the Defendant admitted that the Jena Lane Property was subject to forfeiture on the grounds that it was proceeds of Defendant's unlawful drug activity, and consented to the forfeiture of any and all of his interest in the Jena Lane Property.

5.  Based on the Defendant's admissions in the Agreement, the United States has established the requisite nexus between the Jena Lane Property and the offenses to which the Defendant pled guilty.  Accordingly, the Jena Lane Property is subject to forfeiture to the United States pursuant to 18 U.S.C. §853.

6.  As a result of the Defendant's guilty plea and pursuant to 18 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Jena Lane Property, or substitute assets, in a value up to the value of the Jena Lane Property.  See Rule 32.2(b)(2); 18 U.S.C. § 853(a); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st. Cir. 1999).

7. The United States Drug Enforcement Administration shall take all appropriate steps, pursuant to the applicable provisions of 21 U.S.C. § 853 to seize, forfeit, and dispose of the Jena Lane Property, giving notice as required by law.

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

    (c)    incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

                                             Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

/s/ Nancy Rue
KRISTINA E. BARCLAY
NANCY RUE
Assistant U.S. Attorneys
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
(617) 748-3100

Date: February 20, 2007

## CERTIFICATE OF SERVICE

    I, Nancy Rue, Assistant U.S. Attorney, hereby certify that the foregoing United States Motion for Preliminary Order of Forfeiture, as well as the proposed Preliminary Order of Forfeiture, were filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                             /s/ Nancy Rue
NANCY RUE
Assistant U.S. Attorney

Dated: February 20, 2007