```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. |
| V. | ) | 04-10129-RCL |
| | ) | |
| MARK MCARDLE, | ) | |
| Defendant | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**LINDSAY, D.J.**

WHEREAS, on April 22, 2004, a federal grand jury sitting in the District of Massachusetts returned an twelve count Indictment charging defendant Mark McArdle (the "Defendant"), and others, with crimes including the following drug trafficking crimes: Conspiracy to Distribute Oxycodone, in violation of 21 U.S.C. § 846 (Count One); Conspiracy to Import Oxycodone, in violation of 21 U.S.C. § 963 (Count Two); Conspiracy to Distribute Marijuana, in violation of 21 U.S.C. § 846 (Count Three); Attempted Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 846 (Count Four); Conspiracy to Distribute Controlled Substances including Cocaine and Marijuana, in violation of 21 U.S.C. § 846 (Count Seven); Attempted Possession with Intent to Distribute, and Distribution of, Cocaine, in violation of 21 U.S.C. § 846 (Counts Eight, Nine and Eleven); and Distribution of Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Ten);

WHEREAS, the Indictment also sought the forfeiture, upon conviction of the offenses alleged in Counts One through Four and

Seven through Ten of the Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such violations; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, pursuant to 21 U.S.C. § 853;

WHEREAS, the Indictment specifically identified the following property as forfeitable to the United States:

    a)   the real property located at 10 Jena Lane, Stratham, New Hampshire;

WHEREAS, the Indictment further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such Property, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on October 17, 2006, the Defendant pled guilty to each of the Counts of the Indictment in which he was named, including Counts One through Four and Seven through Ten of the Indictment, pursuant to a written plea agreement (the "Agreement");

WHEREAS, the Defendant admitted in the Agreement that the Jena Lane Property is subject to forfeiture on the grounds that it constitutes proceeds of Defendant's unlawful drug activity, and consented to the forfeiture of any and all of his interest in the Jena Lane Property;

WHEREAS, by virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Jena Lane Property, or substitute assets, in a value up to the value of the Jena Lane Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.  The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based on the Defendant's admissions in the Agreement, that the United States has established the requisite nexus between the Jena Lane Property and the offenses to which the Defendant pled guilty. Accordingly, all of the Defendant's interests in the Jena Lane Property are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853(a).

2.  If the Jena Lane Property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to,

or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Property, pursuant to 21 U.S.C. § 853(p).

3.   The United States Drug Enforcement Administration shall seize and hold the Jena Lane Property in its secure custody and control.

4.   Upon the issuance of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), the United States Drug Enforcement Administration will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Preliminary Order, notice of the United States' intent to dispose of the Jena Lane Property in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Jena Lane Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Jena Lane Property, shall be signed by the petitioner under

penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Jena Lane Property and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Jena Lane Property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against the Defendant.

DONE AND ORDERED in Boston, Massachusetts, this _____ day of _____, 2007.

Dated: _____

REGINALD C. LINDSAY
United States District Judge